# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **JAMIE RANDOLPH,** | ) | Case No. 2:25-cv-314 |
| *on behalf of herself and all others* | ) | |
| *similarly situated,* | ) | Judge |
| | ) | |
| Named Plaintiff, | ) | |
| | ) | |
| v. | ) | **JURY DEMAND** |
| | ) | **ENDORSED HEREON** |
| **ACCESS OHIO, LLC,** | ) | |
| C/O Statutory Agent | ) | |
| John A. Johnson | ) | |
| 4319 Vaux Link | ) | |
| New Albany, Ohio 43054, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COLLECTIVE AND CLASS ACTION COMPLAINT

Now comes Named Plaintiff Jamie Randolph ("Named Plaintiff" or "Randolph"), by and through undersigned counsel, *individually and on behalf of all others similarly situated*, for her Collective and Class Action Complaint against Defendant Access Ohio, LLC ("Access Ohio" or "Defendant") for Defendant's willful failure to pay Named Plaintiff and other similarly situated employees overtime wages as well as failure to comply with all other requirements of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15, and states and alleges as follows:

## INTRODUCTION

1. The FLSA is a broadly remedial and humanitarian statute designed to correct "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers[,]" 29 U.S.C. § 202(a), as well as "to protect all covered workers from substandard wages and oppressive working hours." *Barrentine v. Ark Best*

*Freight Sys. Inc.*, 450 U.S. 728, 739 (1981). The FLSA required Defendant to pay all non-exempt employees at least one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours each workweek. 29 U.S.C. § 207. Ohio law further required Defendant to pay all wages to its hourly, non-exempt employees in a timely manner. *See* O.R.C. § 4113.15(A)-(B).

2.      Named Plaintiff brings this Collective and Class Action Complaint to challenge the policies and practices of Defendant that violate the FLSA, 29 U.S.C. §§ 201-219, and the OPPA, in order to recover unpaid wages and other damages from Defendant.

3.      As to Count I, Named Plaintiff seeks to prosecute FLSA claims pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of [herself] or themselves and other employees similarly situated" (the "FLSA Collective," as defined below).

4.      As to Count II, Named Plaintiff also brings this case as a class action under Fed. R. Civ. P. 23 on behalf of herself and other members of a class of persons who assert claims under the OPPA (the "State Law Class," as is more fully defined herein).[1]

5.      Named Plaintiff, the FLSA Collective, and State Law Class now seek to exercise their rights to unpaid overtime wages and additional statutory liquidated damages in this matter, as applicable, other penalties, in addition to prejudgment and post-judgment interest, as applicable, costs and attorneys' fees incurred in prosecuting this action, the employer's share of relevant taxes, and such further relief as the Court deems equitable and just as a result of Defendant's companywide unlawful pay policies/practices as more fully described below.

---

[1] Some members of the FLSA Collective are also members of the State Law Class, as defined hereinafter, as is Named Plaintiff.

## I.    JURISDICTION AND VENUE

6.    This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the FLSA. *See* 29 U.S.C. § 216(b).

7.    This Court also has supplemental jurisdiction over the OPPA claims because these claims arise from a common nucleus of operative facts. *See* 29 U.S.C. § 1367.

8.    Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b) because all or a substantial part of the events or omissions giving rise to Named Plaintiff's claims arose and/or emanated from companywide decisionmakers at Defendant's corporate headquarters, located at 6400 E. Broad Street, Suite 400, Columbus, Ohio 43213, which is in this judicial district and division.[2]

9.    In addition, this Court has general jurisdiction over Defendant since its headquarters is located at the address in ¶ 8, which is located in this judicial district and division.

## II.    THE PARTIES

### A.    Named Plaintiff Randolph

10.    Named Plaintiff is an individual, a citizen of the United States, and a resident of the State of Ohio.

11.    During the three years preceding the filing of this Complaint, Named Plaintiff worked as an hourly, non-exempt employee for Defendant.

12.    Named Plaintiff's Consent to Join Form is filed herewith, pursuant to 29 U.S.C. § 216(b), and attached as **Exhibit A**, and is fully incorporated by reference herein.

### B.    Defendant's Business, Defendant's Status as an Employer, and Defendant's Status as an Enterprise

---

[2] *See* https://accessoh.com/locations/ (last accessed Mar. 21, 2025).

13.     Defendant is a domestic limited liability company formed under the laws of the State of Ohio.[3]

14.     Defendant provides comprehensive primary care and behavioral health care and a full spectrum of related mental healthcare services at facilities located in Ohio, West Virginia, and Western Pennsylvania.[4]

15.     Defendant operates multiple facilities to serve its common business purpose under the "Access Ohio" brand, including throughout Ohio, West Virginia, and Western Pennsylvania.

16.     At all times relevant, Defendant was an "employer" of Named Plaintiff and the FLSA Collective within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and is/was an employer of Named Plaintiff and the State Law Class within the meaning of the OPPA.

17.     Defendant employs many hundreds of hourly, non-exempt employees, including Named Plaintiff, the FLSA Collective, and State Law Class, in further of its business purposes, at its facilities throughout the United States, including in Ohio, West Virginia, and Western Pennsylvania.

18.     During the relevant time period preceding the filing of this Complaint, it is estimated that there are in excess of several hundred employees similarly situated to the Named Plaintiff.

19.     The hourly, non-exempt employees are all subject to the same or similar policies pertaining to computing hours worked and compensation.

20.     At all times relevant, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r). That is, Defendant performs related activities through unified operations and common

---

[3] *See* https://bizimage.ohiosos.gov/api/image/pdf/201526503010 (last accessed March 21, 2025).
[4] *See* https://accessoh.com/locations/ (last accessed March 21, 2025).

control for a common business purpose; namely, the operation of Access Ohio facilities throughout the continental United States.

21.     At all times relevant, Defendant, from its U.S. corporate headquarters, had direct or indirect control and authority over Named Plaintiff's, the FLSA Collective's, and State Law Class's working conditions, including matters governing the essential terms and conditions of their employments.

22.     At all times relevant, Defendant exercised authority and control over Named Plaintiff, the FLSA Collective, and State Law Class.

23.     At all times relevant, Defendant had the authority to (and currently does) hire and fire employees, supervise and control the work schedules and work conditions of employees, determine the rate and method of pay, and/or maintain or is required to maintain employee records of Named Plaintiff, the FLSA Collective, and State Law Class.

24.     At all times relevant, Defendant is an enterprise engaged in commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1)(A)(i), and its employees handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce by any person.

25.     During the preceding three (3) years, Defendant has had annual gross volume of sales made or business done of at least $500,000 (exclusive of excise taxes at the retail level that are separately stated) pursuant to 29 U.S.C. § 203(s)(1)(A)(ii).

26.     As alleged herein, Defendant applied policies and/or practices pertaining to the payment of wages, including overtime and other compensation, and timekeeping uniformly to its hourly, non-exempt employees.

27. Each facility is engaged in related activities, including all activities which are necessary to the operation and maintenance of Defendant's facilities.

28. Each facility has common management, ownership, and related interests.

29. Defendant retains ultimate authority and operational control over significant aspects of the day-to-day functions of Defendant's facilities, including supervising and controlling work schedules and conditions of employment of Named Plaintiff Randolph, the FLSA Collective, and the State Law Class.

30. Each facility provides the same or similar array of products and services to customers at its facilities.

31. At all times relevant, Defendant had direct or indirect control and authority over Named Plaintiff's, the FLSA Collective's, and the State Law Class's working conditions, including matters governing the essential terms and conditions of their employments.

## III. FACTS

32. Named Plaintiff has been employed by Defendant as an hourly, non-exempt employee since approximately March 2023 to the present. Named Plaintiff works as a Licensed Practical Nurse ("LPN") at one of Defendant's facilities located at 8100 Ravines Edge Court, Suite 200, Columbus, Ohio 43235.

33. At all times relevant, Named Plaintiff has been an hourly, non-exempt employee.

34. In her position as an hourly, non-exempt LPN, Named Plaintiff primarily performs direct patient care job duties.

35. At all times relevant, Named Plaintiff, the FLSA Collective, and State Law Class were also hourly, non-exempt employees entitled to overtime compensation at the rate of one and

one-half times their regular rate of pay for the hours they worked in excess of forty (40) each workweek. 29 U.S.C. § 207.

36. At all times relevant, Named Plaintiff, the FLSA Collective, and State Law Class were non-exempt employees within the meaning of 29 U.S.C. § 203(e) and the OPPA.

37. At all times relevant, Named Plaintiff, the FLSA Collective, and State Law Class were employees engaged in commerce within the meaning of 29 U.S.C. § 207.

38. At all times relevant, Named Plaintiff, the FLSA Collective, and State Law Class are entitled to timely paid overtime compensation at the rate of one and one-half times their regular rate of pay for the hours they worked in excess of forty (40) each workweek, 29 U.S.C. § 207.

39. Named Plaintiff, the FLSA Collective, and State Law Class worked overtime hours during one or more workweeks during their employments with Defendant.

40. Like the other members of the FLSA Collective and State Law Class, Named Plaintiff worked more than forty (40) hours in one or more workweeks. Defendant was aware that Named Plaintiff, the FLSA Collective, and State Law Class worked overtime hours, but Defendant did not fully and properly pay them in accordance with the minimum requirements of the FLSA and state law for all of their compensable overtime hours worked due at the correct overtime rates as a result of the companywide policies/practices described below.

41. Defendant consistently, willfully, and intentionally failed to pay Named Plaintiff, the FLSA Collective, and State Law Class for all hours, including overtime hours, worked, at the statutory overtime rate required. 29 U.S.C. § 207.

**(Defendant's Failure to Pay Overtime
Compensation at the Correct Regular Rate of Pay)**

42. Defendant paid Named Plaintiff, the FLSA Collective, and State Law Class an hourly wage for hours worked (hereinafter "Base Hourly Wage").

43.     In addition to the Base Hourly Wage, Defendant pays its hourly non-exempt employees one or more additional forms of nondiscretionary remuneration that should have been included in the calculation of employees' regular rates of pay for overtime compensation calculation purposes.

44.     Examples of additional forms of nondiscretionary remuneration include, but are not limited to, premium pay for working certain shifts, bonuses if workers obtained urine samples from patients after check-in, and other forms of compensation which were based on objective, predetermined, and measurable criteria, payments that induced workers to work more efficiently or productively or at undesirable hours, incentivized or encouraged Named Plaintiff and similarly situated workers to work more steadily, rapidly and/or efficiently, and/or incentivized or encouraged its workers to remain with the company given its importance to the overall operation of Defendant's business (all types of nondiscretionary remuneration hereinafter "Additional Remuneration"). *See* 29 C.F.R §§ 778.207(b), 778.211(c). *See also* U.S. Department of Labor Fact Sheet # 56C: Bonuses under the Fair Labor Standards Act (FLSA).[5]

45.     The Additional Remuneration which do not qualify for exclusion must be totaled in with other earnings to determine the regular rate on which overtime pay must be based. *See* 29 C.F.R. § 778.200.

46.     Defendant informed, announced, and/or promised to Named Plaintiff, the FLSA Collective, and the State Law Class the additional non-discretionary Additional Remuneration, upon hiring or otherwise during their employments. Named Plaintiff, the FLSA Collective, and

---

[5] https://www.dol.gov/agencies/whd/fact-sheets/56c-bonuses (last accessed Mar. 21, 2025).

the State Law Class expected to receive one or more forms of Additional Remuneration and did in fact receive one or more forms of Additional Remuneration.

47.     During the last three years preceding the filing of this Complaint, Named Plaintiff, the FLSA Collective, and the State Law Class received or earned their Base Hourly Wage in addition to the Additional Remuneration as described above in one or more workweeks when they worked more than forty (40) hours in a single workweek.

48.     However, Defendant failed to fully include one or more forms of Additional Remuneration in calculating Named Plaintiff's, the FLSA Collective's, and the State Law Class's regular rates of pay for overtime purposes during workweeks when they worked overtime in one or more workweeks.

49.     By way of one non-exhaustive example, during the pay period of June 15, 2024, through June 28, 2024, Named Plaintiff was paid a Base Hourly Wage of $40.00 per hour for 80.00 regular hours of work for a total of $2,400.00 in gross regular wages. In addition to her Base Hourly Wage, she was paid a non-discretionary bonus in the amount of $40.00 during the same pay period. During the same pay period, she worked at least 1.78 overtime hours, Defendant paid her at an overtime rate of $45.00 per hour, and was paid a total of $80.10 in overtime premium.

50.     After dividing her overtime rate of $45.00 by 1.5, it yields an hourly rate of $30.00 per hour. In other words, Defendant failed to include the non-discretionary $40.00 into her regular rate of pay for purpose of calculating her overtime premium. Had Defendant included the $40.00 non-discretionary bonus into her regular rate of pay, her overtime rate would have been higher than $45.00 per hour. However, Defendant failed to include this non-discretionary bonus when calculating Named Plaintiff's regular rate of pay, resulting in unpaid overtime compensation.

51.     As a result of Defendant's companywide policy or practice of failing to include Additional Remuneration in the regular rate of pay for purposes of calculating overtime compensation, Named Plaintiff, the FLSA Collective, and State Law Class were not fully and properly paid for all of their compensable overtime hours worked because Defendant did not properly calculate their regular rates of pay for the purposes of meeting the minimum requirements set forth in the FLSA and Ohio law, which resulted in unpaid overtime wages.

52.     Defendant's failure to compensate Named Plaintiff and the FLSA Collective for hours worked more than forty (40) hours per week at "one and one-half times" the employee's "regular rate[s]" of pay constitutes a knowing and willful violation of the FLSA, 29 U.S.C. § 207, and Ohio law, which requires the timely payment of all wages, including overtime wages, earned and owed.

53.     The above payroll practices resulted in knowing and willful overtime violations of the FLSA, 29 U.S.C. §§ 201-219; and resulted in the unlawful deprivation of wages of Defendant to the detriment of Defendant's employees, including Named Plaintiff, the FLSA Collective, and State Law Class.

**(The Willfulness of Defendant's Violations)**

54.     In addition to the above allegations demonstrating the willfulness of Defendant's wage violations as provided for above, Defendant knew or should have known, as a large and sophisticated employer, that its workers, including Named Plaintiff, the FLSA Collective, and State Law Class, were entitled to overtime compensation under federal and state law.

55.     By denying Named Plaintiff, the FLSA Collective, and State Law Class overtime compensation as required by the FLSA, Defendant's acts were not based upon good faith. Through legal counsel as well as industry experience and custom, Defendant possessed ample access to the

regulations and statutory provisions requiring the proper and prompt payment of overtime compensation under federal and state law, as recited in this Complaint, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as required. Defendant therefore knew about the overtime compensation requirements of the FLSA and failed to comply with them or acted in reckless disregard as to its obligations under these laws in failing to comply with them.

56.     Under these circumstances, Defendant's violations of the FLSA were willful, within the meaning of the FLSA, inasmuch as Defendant had actual notice of the requirements of the FLSA.

57.     Named Plaintiff and the FLSA Collective are therefore entitled to liquidated damages equal to the amount of all unpaid overtime compensation pursuant to 29 U.S.C. § 260.

58.     Named Plaintiff and the State Law Class are also therefore entitled to unpaid wages and liquidated damages under the OPPA.

## IV.     COLLECTIVE AND CLASS ACTION ALLEGATIONS

### A.     FLSA Collective Action for Unpaid Overtime Wages

59.     Named Plaintiff brings Count I of this action on behalf of herself and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct as described herein.

60.     The "FLSA Collective" to whom Named Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, of which Named Plaintiff herself is a member, is composed of and defined as follows:

> All current and former non-exempt (including but not limited to commission-based, hourly, and salaried) employees of Defendant in the United States during the period of three years preceding the commencement of this action to the present who worked forty (40)

or more hours during one or more workweeks and who were not paid overtime compensation at one and one-half times the employees' regular rate of pay for all hours worked in excess of forty (40) hours per workweek ("FLSA Collective"). [6]

61.     Such persons are "similarly situated" with respect to Defendant's FLSA overtime violations, as to the collective group of employees identified above, in that all were non-exempt employees of Defendant, all were subjected to and injured by Defendant's unlawful practice of failing to pay overtime compensation at the correct regular rate of pay, and all have the same claims against Defendant for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

62.     Named Plaintiff and the members of the FLSA Collective, having willfully been not paid at least the federal overtime wage for the overtime hours they worked for Defendant pursuant to the common policies described herein, are "similarly situated" as that term is used in 29 U.S.C. § 216(b) and the associated decisional law. *See* 29 U.S.C. § 207.

63.     Named Plaintiff and the members of the FLSA Collective have been similarly affected by the FLSA overtime violations of Defendant in one or more workweeks during the relevant time period, which amount to a single decision, policy, or plan to willfully avoid paying all earned federal overtime wages owed.

64.     Named Plaintiff and the members of the FLSA Collective have been damaged by Defendant's willful refusal to pay at least the federal overtime wage for all overtime hours worked. As a result of Defendant's willful FLSA violations, Named Plaintiff and the members of the FLSA Collective are similarly situated to each other in that they are all entitled to damages, including, but not limited to, unpaid wages, liquidated damages, costs, and attorneys' fees.

---

[6] Named Plaintiff reserves the right to amend and refine the definition of to whom she seeks to have provided with Court-authorized notice based upon further investigation and discovery.

65.     Throughout her employment with Defendant, Named Plaintiff was subjected to the same timekeeping and payroll policies and practices by Defendant that led to less overtime wages paid than overtime hours worked that the members of the FLSA Collective were subjected to.

66.     Named Plaintiff is similarly situated to the members of the FLSA Collective and will prosecute this action vigorously on their behalf.

67.     This action is brought pursuant to 29 U.S.C. § 216(b) of the FLSA and seeks unpaid overtime compensation, liquidated damages, attorneys' fees, and costs. In addition to Named Plaintiff, numerous current and former non-exempt employees are similarly situated with regard to their wages and claims for unpaid wages and damages. Named Plaintiff is representative of those other employees and is acting on behalf of their interests, as well as her own, in bringing this action.

68.     Issuing notice to the FLSA Collective pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

69.     Named Plaintiff is entitled to send notice to all potential members of the FLSA Collective pursuant to Section 216(b) of the FLSA. Identification of potential members of the FLSA Collective is readily available from the timekeeping and compensation records, including timekeeping and payroll data, maintained by Defendant. For the purpose of notice and other purposes related to this action, their names, addresses, email addresses, and phone numbers are readily available from Defendant. Notice can be provided by means permissible under the FLSA and decisional law.

70.     Court-supervised notice pursuant to 29 U.S.C. § 216(b) to potential members of the FLSA Collective is appropriate because they have been subjected to the common business

practices referenced in the paragraphs above, and the success of their claims depends upon the resolution of common issues of law and fact, including, *inter alia*, whether Defendant satisfied the FLSA's requirements for payment of statutory overtime wages.

71.     Immediate, prompt notice of this matter to similarly situated persons pursuant to 29 U.S.C. § 216(b) – by Court order – is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

72.     These individuals may readily be notified of this action and allowed to opt in pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees, and costs.

73.     The precise size and identity of the group of potential members of the FLSA Collective are readily ascertainable from the payroll records, timekeeping records, and/or employee and personnel records of Defendant that Defendant was required to maintain, pursuant to the FLSA. Named Plaintiff cannot yet state the exact number of similarly-situated persons but avers, upon information and belief, that the group of potential members of the FLSA Collective consist of approximately several hundred or more persons.

**B.     Federal Rule of Civil Procedure 23 Class Action for Unpaid Wages**

74.     Named Plaintiff brings Count II under Federal Rule of Civil Procedure 23 as a class action on behalf of herself and all other members of the State Law Class, defined as:

> All current and former non-exempt (including but not limited to commission-based, hourly, and salaried) employees of Defendant in Ohio during the period of two years preceding the commencement of this action to the present who worked forty (40) or more hours during one or more workweeks and who were not paid overtime compensation at one and one-half times the employees' regular rate of pay for all hours worked in excess of forty (40) hours per workweek (the "State Law Class").

75.     The State Law Class, as defined above, is so numerous that joinder of all members is impracticable. Named Plaintiff cannot yet state the exact number of class members but avers, upon information and belief, that the State Law Class consists of several hundred or more persons. The number of class members, as well as their identities, are ascertainable from the payroll and personnel records Defendant maintained, and was required to maintain, pursuant to the FLSA. *See* 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7.

76.     Named Plaintiff is a member of the State Law Class and her claims for unpaid wages are typical of the claims of other members of the State Law Class.

77.     Named Plaintiff will fairly and adequately represent the State Law Class and the interests of all members of the State Law Class.

78.     Named Plaintiff has no interests that are antagonistic to or in conflict with those interests of the State Law Class that she has undertaken to represent.

79.     Named Plaintiff has retained competent and experienced class action counsel who can ably represent the interests of the State Law Class. Named Plaintiff's counsel have broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the State Law Class in this case.

80.     Questions of law and fact are common to the State Law Class and predominate over any questions affecting only individual members. The questions of law and fact common to the State Law Class arising from Defendant's conduct include, without limitation:

(a)     whether Defendant violated the OPPA by failing to timely and properly pay the State Law Class Members for all wages, including overtime wages, earned because of the violation(s) described herein;

(b)     what amount of unpaid and/or withheld compensation is due to Named Plaintiff and the State Law Class on account of Defendant's violations of the OPPA;

(c)     whether the unpaid and/or withheld compensation remains unpaid in violation of the OPPA;

(d)     what amount of prejudgment interest, liquidated damages, and/or other monetary relief afforded by the OPPA is due to Named Plaintiff and the State Law Class on the overtime compensation, as applicable, or other entitled compensation which was withheld or not timely paid to them.

81.     Class certification is appropriate under Rule 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendant with respect to the non-exempt employees comprising of the State Law Class.

82.     Class certification is appropriate under Rule 23(b)(2) because Defendant acted or refused to act on grounds generally applicable to the State Law Class, making appropriate relief with respect to Named Plaintiff and the State Law Class each as a whole.

83.     Class certification is appropriate under Rule 23(b)(3) because the questions of law and fact common to the State Law Class predominate over questions affecting individual members of the State Law Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

84.     A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiff's and members of the State Law Class's claims and will prevent undue financial, administrative, and procedural burdens on the parties and the Court. Requiring State Law Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many State Law Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case

as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

85. Named Plaintiff and counsel are not aware of any interfering pending litigation on behalf of the State Law Class as defined herein.

## V. CAUSES OF ACTION

### COUNT I
### (29 U.S.C. § 207 - FLSA COLLECTIVE ACTION
### FOR UNPAID OVERTIME COMPENSATION)

86. Named Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

87. This claim is brought as a collective action by Named Plaintiff on behalf of herself and other members of the FLSA Collective against Defendant, individuals who may join this case pursuant to 29 U.S.C. § 216(b).

88. The FLSA requires that non-exempt employees receive overtime compensation of "not less than one and one-half times" the employees' "regular rate" of pay. 29 U.S.C. § 207(a)(1).

89. During the three (3) years preceding the filing of this Complaint, Defendant employed Named Plaintiff and the FLSA Collective.

90. Named Plaintiff and the FLSA Collective were paid as non-exempt employees.

91. During the three (3) years preceding the filing of this Complaint, Named Plaintiff and the FLSA Collective worked in excess of forty (40) hours in one or more workweek(s), but were not fully paid for all overtime compensation as a result of one or more of Defendant's policies and/or practices as alleged above.

92. Defendant violated the FLSA with respect to Named Plaintiff and the FLSA Collective by failing to pay overtime for all hours worked over forty (40) hours in a workweek at

one-and-one-half times (1.5x) their regular rates of pay because of Defendant's companywide policies and/or practices described herein.

93.     Defendant knew or should have known of the overtime payment requirements of the FLSA. Despite such knowledge, Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the FLSA Collective are entitled.

94.     The exact total amount of overtime compensation that Defendant has failed to pay Named Plaintiff and the FLSA Collective is unknown at this time, as many of the records necessary to make such precise calculations are believed to be in the possession of Defendant.

95.     Defendant knowingly, willfully, and/or in reckless disregard carried out an illegal pattern and practice of failing to pay Named Plaintiff and the FLSA Collective overtime compensation. Defendant's deliberate failure to pay overtime compensation to Named Plaintiff and the FLSA Collective was neither reasonable, nor was the decision not to pay overtime compensation made in good faith. By engaging in these practices, Defendant willfully violated the FLSA and regulations thereunder that have the force of law.

96.     As a result of Defendant's willful violations of the FLSA, Named Plaintiff and the FLSA Collective were injured in that they did not receive wages due to them pursuant to the FLSA. 29 U.S.C. § 216(b) entitles Named Plaintiff and the FLSA Collective to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

**COUNT II**
**(O.R.C. § 4113.15 – RULE 23 CLASS ACTION**
**FOR OPPA VIOLATION)**

97. Named Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

98. Named Plaintiff brings this claim on behalf of herself and the State Law Class who were not timely paid overtime as a result of Defendant's pay policies and/or practices alleged above in violation of the OPPA.

99. The OPPA encompasses two claims. First, a violation of any other wage statute (including the FLSA) triggers a failure to timely pay wages under the OPPA.

100. Second, the OPPA allows an employee to sue to recover liquidated damages if the wages due are not in dispute.

101. Named Plaintiff and the State Law Class Members have been employed by Defendant.

102. At all times relevant, Defendant was an entity covered by the OPPA, and Named Plaintiff and State Law Class Members have been employed by Defendant within the meaning of the OPPA.

103. The OPPA requires Defendant to pay Named Plaintiff and State Law Class Members all wages, including overtime compensation, on or before the first day of each month for wages earned by them during the first half of the preceding month ending with the fifteenth day thereof *and* on or before the fifteenth day of each month for wages earned by them during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(A).

104. As outlined above, Defendant did not, as required by O.R.C. § 4113.15(A), on or before the first day of each month, pay all wages earned by Named Plaintiff and the members of the State Law Class on or before the first day of each month, the wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, *and* did not, on or before

the fifteenth day of each month, pay these employees the wages earned by them during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(B).

105.     As a result, there can be no dispute that Named Plaintiff's and State Law Class Members' unpaid wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

106.     Defendant's violations of the OPPA, O.R.C. § 4113.15, injured Named Plaintiff and other State Law Class Members in that they did not receive wages due to them in a timely fashion as required by Ohio Law.

107.     Defendant knowingly, willfully, and/or in reckless disregard carried out an illegal pattern and practice of failing to pay Named Plaintiff and the members of the State Law Class all wages owed in a timely fashion as required by Ohio law. Defendant's deliberate failure to timely pay all compensation owed to Named Plaintiff, and the members of the State Law Class, was neither reasonable, nor was the decision not to pay in accordance with O.R.C. § 4113.15 made in good faith. By engaging in these practices, Defendant violated Ohio law and regulations that have the force of law.

108.     As a result of Defendant's violation of the OPPA, Named Plaintiff and State Law Class Members are entitled to unpaid wages and liquidated damages pursuant to O.R.C. § 4113.15.

## VI.     <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, Named Plaintiff respectfully prays that this Honorable Court:

A.     Promptly order Defendant to provide all relevant policies and procedures regarding timekeeping and compensation, as well as all payroll, remuneration, timekeeping, and related records necessary to determine similarly situated individuals;

B.     Promptly order Defendant to provide all contact information, including but not limited to names, dates of employment, addresses, telephone numbers, and email addresses, of similarly situated individuals;

C.   Issue Court-approved notice to similarly-situated persons informing them of this action and their ability to opt-in and become part of the FLSA Collective and enabling them to opt in;

D.   Toll the statute of limitations for all members of the FLSA Collective from the date that this matter was initially filed until the date on which they file consents to join;

E.   Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Named Plaintiff and other members of the State Law Class and appoint counsel of record as Class Counsel;

F.   Find that Defendant's wage and hour policies and/or practices as alleged herein violate the FLSA and Ohio law;

G.   Enter judgment against Defendant for damages for all unpaid overtime compensation owed to Named Plaintiff and the FLSA Collective during the applicable statutory period under the FLSA and continuing through trial;

H.   Enter judgment against Defendant for damages for all unpaid compensation owed to Named Plaintiff and the State Law Class during the applicable statutory period and continuing through trial;

I.   Enter judgment against Defendant for liquidated damages pursuant to the FLSA in an amount equal to all unpaid overtime compensation owed to Named Plaintiff and the FLSA Collective during the applicable statutory period under the FLSA and continuing through trial;

J.   Award to Named Plaintiff, the FLSA Collective, and State Law Class Members unpaid overtime compensation as to be determined at trial together with any liquidated damages allowed by the OPPA as to the State Law Class;

K.   Award Named Plaintiff, the FLSA Collective, and State Law Class prejudgment interest, post-judgment interest, and an award of damages representing Defendant's employers' share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

L.   Award to Named Plaintiff a service award for her efforts in remedying various pay policies/practices as outlined above;

M.   Award to Named Plaintiff, the FLSA Collective, and State Law Class attorneys' fees required for prosecution of this action, expert fees, and reimbursement of all costs and expenses;

N.   Grant Named Plaintiff leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery;

O.      Declare judgment for all civil penalties to which Named Plaintiff and all other similarly situated employees may be entitled; and

P.      Award such other and further relief as this Court may deem equitable, necessary, just, or proper.

Respectfully submitted,

*/s/ Daniel I. Bryant*_____          */s/ Ryan A. Winters*_____
Daniel I. Bryant (OH No. 0090859)          Joseph F. Scott (OH No. 0029780)
**BRYANT LEGAL, LLC**                                 Ryan A. Winters (OH No. 0086917)
4400 N. High St., Suite 310                      Kevin M. McDermott II (OH No. 0090455)
Columbus, Ohio 43214                            **SCOTT & WINTERS LAW FIRM, LLC**
Phone: (614) 704-0546                            Phone: (216) 912-2221
Facsimile: (614) 573-9826                        11925 Pearl Rd., Suite 308
Email: dbryant@bryantlegalllc.com        Strongsville, Ohio 44136
                                                                Email: jscott@ohiowagelawyers.com
                                                                Email: rwinters@ohiowagelawyers.com
Esther E. Bryant (OH No. 0096629)        Email: kmcdermott@ohiowagelawyers.com
**BRYANT LEGAL, LLC**
3450 W Central Ave., Suite 370
Toledo, Ohio 43606
Telephone: (419) 824-4439
Facsimile: (419) 932-6719
Email: Ebryant@bryantlegalllc.com

*Attorneys for Named Plaintiff and Other Members*
*of the proposed FLSA Collective and proposed Rule 23 Class Counsel*

## JURY DEMAND

Named Plaintiff hereby demands a trial by jury on all issues so triable.

*/s/ Daniel I. Bryant*_____
Daniel I. Bryant